UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDERSON WALLACE, JR.                    CIVIL ACTION

VERSUS                                              NO. 13-4703

MAGNOLIA FAMILY SERVICES, LLC        MAGISTRATE JUDGE
                                                           JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

In this employment discrimination action, plaintiff, Anderson Wallace, Jr., alleges

that his former employer, Magnolia Family Services, LLC ("Magnolia"), (1) has a

facially neutral employment policy which has a discriminatory impact against African-

Americans, including Wallace, in violation of Title VII, 42 U.S.C. § 2000e et seq.;

(2) discriminated against him based on his disability when it terminated his employment,

in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and

(3) committed some unspecified offense or act of fault against him relating to

interference with his employment under Louisiana Civil Code article 2315. Complaint,

Record Doc. No. 1.

This matter was referred to a United States Magistrate Judge for all proceedings

and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent

of all parties. Record Doc. No. 22.

Magnolia filed a motion to dismiss all of plaintiff's claims under Fed. R. Civ.

P. 12(b)(6). Defendant argues that Wallace fails to state a disparate impact race

discrimination claim under Title VII because his complaint does not adequately plead the first prong of a prima facie case of disparate impact.  Magnolia seeks dismissal of plaintiff's disability discrimination claim because he failed to exhaust his administrative remedies on that claim.  Finally, defendant contends that Wallace has not stated any cause of action against it under Louisiana Civil Code article 2315.  Record Doc. No. 11. Plaintiff filed a timely memorandum in opposition to the motion.  Record Doc. No. 18. Defendant received leave to file a reply memorandum.  Record Doc. Nos. 19, 20, 21.

Having considered the complaint, the submissions of the parties, and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

I.    PLAINTIFF'S COMPLAINT

Solely for purposes of the pending motion to dismiss, the court accepts the following well-pleaded allegations of the complaint as true and views them in the light most favorable to plaintiff.  Rhodes v. Prince, 360 F. App'x 555, 557-58 (5th Cir. 2010).

Wallace, an African-American male, was employed at Magnolia as a counselor. Some time before November 6, 2012, he was arrested during a domestic violence incident.  The District Attorney later dismissed the criminal charge against plaintiff.

On November 6, 2012, while the criminal charge was still pending, Magnolia fired Wallace because it deemed his employment "untenable" after he was charged in the domestic violence incident and because "his continued employment with Magnolia

would negatively impact Magnolia's standing with stakeholders."  Complaint, Record Doc. No. 1 at ¶¶ XI, XIII.  One such "stakeholder" is the Terrebonne Parish School Board (the "School Board"), which has contracts with Magnolia.

Consistent with the policies and practices of the School Board, Magnolia has an employment policy or practice that operates to exclude employees with criminal backgrounds from continued employment.  Wallace alleges that this policy has a disparate impact on African-Americans because African-American males are more likely to have criminal records than white applicants.  He alleges that Magnolia's policy is neither related to the position in question nor a business necessity.

After his employment was terminated, Wallace "filed charge number 416-2013-00915 with the United States Equal Employment Opportunity Commission 'EEOC[,]' alleging race discrimination under Title VII."  Id. at ¶ XVIII.  The EEOC charge is not attached to the complaint.

Wallace is a recovering drug addict who has remained drug-free for many years. He claims that Magnolia considered his past drug use as a factor in his termination, in violation of the Americans with Disabilities Act.

Finally, plaintiff claims that the School Board intentionally, maliciously and willfully interfered with his employment at Magnolia, in violation of Louisiana Civil Code article 2315.

## II.    DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)

A.   <u>Standards of Review</u>

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.   The Supreme Court recently clarified the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

<u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 796 (5th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007))). Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.   <u>Turner v. Pleasant</u>, 663 F.3d 770, 775 (5th Cir. 2011).

The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.   <u>Walch v. Adjutant Gen.'s Dep't</u>. 533 F.3d 289, 293 (5th Cir. 2008) (quotations and citations omitted).

Rule 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . .   [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (quotations omitted).   Plaintiff "need not allege in her

4

complaint every fact that she might need to prove to prevail on the merits. . . .  This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which [it] rests.  The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim." Goss v. Hardy Energy Servs., Inc., No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Office Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  However, that general rule does not apply if amendment would be futile because the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling. Townsend v. BAC Home Loans Servicing, L.P., 461 F. App'x 367,  372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351-52 (5th Cir. 2011) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007); Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1357 at 714-21 (3d ed. 2004)). ed).

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . .  [Thus,] to determine futility, we will apply

5

the same standard of legal sufficiency as applies under Rule 12(b)(6)." <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); <u>accord</u> <u>Fenghui Fan v. Brewer</u>, 377 F. App'x 366, 367 (5th Cir. 2010).

B.   <u>Plaintiff States a Disparate Impact Race Discrimination Claim</u>

Plaintiff's first claim is that Magnolia's employment policy or practice regarding termination of employees with criminal records has a racially disparate impact on African-American men, including himself.  A disparate impact case is established under Title VII when "a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race . . .  and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity."  42 U.S.C. §  2000e-2(k)(1)(A)(i).

> Disparate impact claims involve facially neutral employment policies that create such statistical disparities disadvantaging members of a protected group that they are functionally equivalent to intentional discrimination. To establish a <u>prima facie</u> case of discrimination under a disparate impact theory, a plaintiff must show:  (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two.  The Supreme Court has explained that a prima facie case of disparate-impact liability [is] essentially, a threshold showing of a significant statistical disparity, and nothing more.

<u>Davis v. Dallas Indep. Sch. Dist.</u>, 448 F. App'x 485, 491-92 (5th Cir. 2011) (quotations and citations omitted).

Magnolia argues that Wallace's complaint fails to satisfy the first prong of a prima facie case of disparate impact discrimination and therefore fails to state a claim upon which relief can be granted.  Defendant contends that, "[w]hile Wallace states that Magnolia has an employment practice or policy which operates to exclude African Americans with criminal backgrounds from continued employment with Magnolia, he does not conclusively state what that practice is."  Record Doc. No. 19-1, at p. 3. Wallace responds that his employment was terminated pursuant to defendant's policy that called for termination of any employee with a criminal record.

Plaintiff's complaint is not required to state his claim "conclusively," as Magnolia contends.  He must only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Harold H. Huggins Realty, 634 F.3d at 796 (quoting Iqbal, 556 U.S. at 678).  Wallace's complaint satisfies this standard.  He identifies Magnolia's facially neutral policy that excludes employees with criminal backgrounds from continued employment.  He asserts that he is African-American, has a criminal record and was terminated based on that record, pursuant to defendant's policy.  He alleges that the policy has a disparate impact on African-Americans because African-American males are more likely to have criminal records than white applicants.

Magnolia cites in its memorandum several decisions holding that a plaintiff had not set forth a prima facie case of a disparate impact claim.  These decisions are not on point because they involved motions for summary judgment or a preliminary injunction,

7

which are based on <u>evidence</u>.  A motion to dismiss is based solely on the well-pleaded allegations of the complaint.  Whether Wallace will be able to muster the evidence necessary to survive a summary judgment motion or prove a disparate impact claim has no bearing on whether he has stated a plausible claim for relief as a matter of pleading.

Accordingly, defendant's motion to dismiss plaintiff's disparate impact claim is DENIED.

C.    Wallace Failed to Exhaust Administrative Remedies as to his Disability Discrimination Claim

Magnolia argues that plaintiff's claim against it under the Americans with Disabilities Act should be dismissed because Wallace failed to file a timely disability discrimination charge with the EEOC within 300 days of his termination.  Therefore, defendant contends, he failed to exhaust his administrative remedies and is now barred from bringing such a claim in this court.  The factual allegations of plaintiff's complaint confirm that Magnolia's argument is correct.

The Americans with Disabilities Act, 42 U.S.C. § 12117, incorporates the enforcement procedures of Title VII, set forth in 42 U.S.C. § 2000e-5.  Thus, before pursuing a claim under the Americans with Disabilities Act, plaintiff must file a timely charge of <u>disability</u> discrimination with the EEOC.  <u>Simotas v. Kelsey-Seybold</u>, 211 F. App'x 273, 275 (5th Cir. 2006) (citing <u>Dao v. Auchan Hypermarket</u>, 96 F.3d 787, 788-89 (5th Cir. 1996)).  In a "deferral state" such as Louisiana, the charge must be filed within

8

300 days of the allegedly discriminatory act.  Windhauser v. Bd. of Supervisors, 360 F.

App'x 562, 566 (5th Cir. 2010) (citing Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir.

1998)).

"Failure to exhaust is not a procedural 'gotcha' issue.  It is a mainstay of proper

enforcement of Title VII remedies."  McClain v. Lufkin Indus., Inc., 519 F.3d 264, 272

(5th Cir. 2008).  "Courts should not condone lawsuits that exceed the scope of EEOC

exhaustion, because doing so would thwart the administrative process and peremptorily

substitute litigation for conciliation."  Id. at 273.

The formal charge of discrimination, which is signed under penalty of perjury by

the complainant, is the document that the EEOC sends to the employer to provide notice

of the employee's allegations.  42 U.S.C. § 2000e-5(b); 29 C.F.R. §§ 1601.9, 1601.3(a);

Harris v. Honda, 213 F. App'x 258, 262 (5th Cir. 2006).  Unlike a formal charge, an

intake questionnaire is neither signed under oath nor transmitted to the employer and has

no legal effect.  Id. at 261-62 (interpreting Texas Commission on Human Rights Act,

which "is substantively identical to its federal equivalent, Title VII"); White v. Goodyear

Tire & Rubber Co., 198 F.3d 240, 1999 WL 824471, at *4 (5th Cir. Sept. 29, 1999);

Williams v. Cardinal Health 200, LLC, No. 12-2935, 2013 WL 2404802, at *6-7 (E.D.

La. May 31, 2013).  "Because factual statements are such a major element of a charge of

discrimination, we will not construe the charge to include facts that were initially

omitted" from the charge.  Harris, 213 F. App'x at 261 (citing Price v. Sw. Bell Tel. Co.,

687 F.2d 74, 78 (5th Cir. 1982); <u>Sanchez v. Std. Brands, Inc.</u>, 431 F.2d 455, 462 (5th Cir. 1970)) (emphasis added).

Wallace states in his complaint that he filed a charge against Magnolia with the EEOC, "alleging <u>race</u> discrimination under Title VII."  Record Doc. No. 1 at ¶ XVIII (emphasis added).  The complaint does <u>not</u> assert that plaintiff ever filed a charge of <u>disability</u> discrimination against Magnolia.  Because more than 300 days have expired since defendant terminated Wallace's employment on November 6, 2012, he is now time-barred from curing his failure to exhaust his disability claim by filing a new charge of disability discrimination.  <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002); <u>Dean v. City of New Orleans</u>, No. 12-30759, 2013 WL 5918010, at *2 (5th Cir. May 3, 2013); <u>Martin v. Lennox Int'l Inc.</u>, 342 F. App'x 15, 18 (5th Cir. 2009); <u>Stith v. Perot Sys. Corp.</u>, 122 F. App'x 115, 117 (5th Cir. 2009); <u>Simotas</u>, 211 F. App'x at 275. On the face of his complaint, therefore, plaintiff is barred by his failure to exhaust administrative remedies from bringing a disability discrimination claim against Magnolia in this court.

Contrary to plaintiff's argument in his memorandum, Louisiana law regarding the suspension of prescription for filing suit under La. Rev. Stat. § 23:303 is irrelevant to the running of this administrative exhaustion requirement under federal law.  As stated above, the Americans with Disabilities Act requires that plaintiff file his charge of disability discrimination within 300 days of Magnolia's allegedly discriminatory action.

Windhauser, 360 F. App'x at 566; Simotas, 211 F. App'x at 275.  Although this period may be subject to equitable tolling in certain limited and "exceptional cases," Hull v. Emerson Motors/Nidec, No. 12-60926, 2013 WL 3216184, at *2 (5th Cir. June 27, 2013), Wallace does not argue that any of those circumstances exist here, and none of the situations described by the Fifth Circuit as possible bases for tolling of a federal discrimination claim appears to be present.  See id. at *3 (quoting Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011)) ("[E]quitable tolling may be appropriate in a Title VII action [in three specific instances]: '(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his] rights.'").

Wallace contends that La. Rev. Stat. § 23:303(D), which is a part of the Louisiana Employment Discrimination Law, suspended the running of prescription (by which he means the 300-day exhaustion requirement) on his Americans with Disabilities Act claim while he had a charge pending with the EEOC.  Section 23:303(D) provides a one-year prescriptive period for claims of employment discrimination brought under state law and provides that "this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period

shall last longer than six months." La. Rev. Stat. § 23:303(D).  Plaintiff's argument is unavailing for two reasons.

First, Wallace's complaint cites only Title VII and the Americans with Disabilities Act as bases for his discrimination claims.  He has not pleaded any cause of action for employment discrimination under Louisiana law.   The Louisiana Employment Discrimination Law, including its provisions for a one-year prescriptive period and a six-month suspension of that period, does not apply to the statutory time periods for exhausting administrative remedies and filing suit on a disability discrimination claim brought under a federal employment statute, here, the Americans with Disabilities Act. See, e.g., Menson v. City of Baton Rouge, No. 13-30091, 2013 WL 4494426, at *1-2 (5th Cir. Aug. 23, 2013) (applying federal limitations periods to plaintiff's claims under Title VII and Age Discrimination in Employment Act, and applying one-year state law prescriptive period to plaintiff's claims under Louisiana Employment Discrimination Law); Mayes v. Office Depot, Inc., 292 F. Supp. 2d 878, 888-89 (W.D. La. 2003) (applying Title VII's exhaustion requirement to bar plaintiff's federal claims based on discriminatory acts that occurred more than 300 days before she filed her EEOC charge, and applying La. Rev. Stat. § 23:303(D)'s one-year prescriptive period and six-month suspension period during pendency of the EEOC's administrative investigation of her discrimination charge to bar her state law claims based on discriminatory acts that occurred more than 18 months before she filed her lawsuit); Kimble v. Ga. Pac. Corp.,

12

245 F. Supp. 2d 862, 869-72 (M.D. La. 2002), aff'd, 67 F. App'x 248 (5th Cir. 2003) (granting summary judgment on portions of plaintiff's sex discrimination claims under Title VII because she failed to file EEOC charge within 300 days of discriminatory acts, and granting summary judgment as to her sex discrimination claims under Louisiana law that were based on events occurring more than one year before she filed lawsuit); Rubinstein v. Admin'rs of Tulane, 58 F. Supp. 2d 702, 708-09 (E.D. La. 1998), affirmed in part & remanded on other grounds, 218 F.3d 392 (5th Cir. 2000) (applying one-year prescriptive period to plaintiffs' state-law discrimination claims and 300-day exhaustion period to Title VII claims).

Second, Wallace argues that he filed a timely charge of disability discrimination with the EEOC on September 20, 2012. However, the facts that he alleges in his opposition memorandum (set forth below) establish that he filed a charge on that date against the School Board, not Magnolia. As to plaintiff's disability discrimination claim against Magnolia, no suspension of prescription occurred under Louisiana law, even if Louisiana law applied, and no exhaustion of administrative remedies occurred under the Americans with Disabilities Act because the charge was not filed against Magnolia.

Specifically, plaintiff states that he applied for a "qualified examiner" position with the School Board on August 23, 2012, but did not receive an interview. He repeats the allegation of his complaint that Magnolia contracts with the School Board. He alleges that he filed a disability discrimination charge with the EEOC against the School

13

Board on September 20, 2012.  Wallace asserts that he indicated on his EEOC intake questionnaire in conjunction with this charge that (1) he has a disability by placing a check mark in the appropriate box, and (2) he was a "victim of <u>racial</u> discrimination due to 'disparate impact and criminal records.'"  Plaintiff's memorandum in opposition, Record Doc. No. 18 at p. 4 (emphasis added).

Plaintiff alleged none of these facts in his complaint in the instant action.  Even if the court permitted him to amend his complaint to include these allegations, however, the amendment would be futile to demonstrate that he exhausted his administrative remedies for a disability discrimination claim against <u>Magnolia</u>.

Plaintiff's September 20, 2012, EEOC charge was admittedly filed <u>only</u> against the School Board, based on its failure to grant him an interview in connection with his application for a job with the School Board.  The charge described by plaintiff in his memorandum does <u>not</u> include any allegations against Magnolia.[1]

In addition, plaintiff's <u>charge</u>, as opposed to his intake questionnaire, admittedly fails to allege any disability discrimination.  Checking a box on an intake questionnaire that he has a disability is insufficient to constitute a charge of discrimination.  <u>Harris</u>, 213 F. App'x at 261-62; <u>White</u>, 1999 WL 824471, at *4; <u>Williams</u>, 2013 WL 2404802, at

---

[1]Wallace filed a separate action against the School Board, which alleges race and disability discrimination claims under Title VII and the Americans with Disabilities Act, based on the September 20, 2012 charge of discrimination.  <u>Wallace v. Terrebonne Parish School Board</u>, C.A. No. 13-420-SS, Record Doc. Nos. 1, 28.

*6-7.  Even if the EEOC sent the intake questionnaire to the employer, the School Board was the prospective employer who would have received it.  The EEOC would have no reason to notify Magnolia of plaintiff's complaint about the School Board's action.

Finally, the termination of Wallace's employment on November 6, 2012, more than six weeks <u>after</u> he filed his September 20, 2012 EEOC charge, is the only wrongful employment action by Magnolia that Wallace identifies in his complaint in the instant action.  His termination, which had not yet occurred, could not have been the basis of any discrimination claim in his September 20, 2012 charge against the School Board.  A discrimination complaint "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  <u>Mack v. John L. Wortham & Son, L.P.</u>, No. 12-20798, 2013 WL 4758052, at *9 (5th Cir. Sept. 5, 2013) (citing <u>Pacheco v. Mineta</u>, 448 F.3d 783, 789 (5th Cir. 2006); <u>Thomas v. Texas Dep't of Crim. Justice</u>, 220 F.3d 389, 395 (5th Cir. 2000); <u>Young v. City of Houston</u>, 906 F.2d 177, 179 (5th Cir. 1990)).  Magnolia's termination of Wallace's employment could not reasonably have grown out of the EEOC's investigation of his charge that the School Board failed to grant him a job interview six weeks earlier.  <u>Id.</u>

The allegations of plaintiff's complaint and opposition memorandum establish that he never filed a charge of <u>disability</u> discrimination <u>against Magnolia</u>.  He is time-barred from filing such a charge now.  Accordingly, defendant's motion to dismiss plaintiff's

disability discrimination claim against it under the Americans with Disabilities Act is GRANTED and that claim is dismissed with prejudice.

      D.    <u>Plaintiff's Claim Under Louisiana Civil Code Article 2315</u>

Magnolia argues that Wallace's claim under Louisiana Civil Code article 2315 should be dismissed because his complaint asserts that claim solely against the School Board, which is a separate entity from Magnolia and not a named defendant. Plaintiff's complaint states only that the "Terrebonne Parish School Board, intentionally, maliciously, and willfully interfered with his employment at Magnolia in violation of Article 2315 of the Louisiana Revised Statutes [sic]." Record Doc. No. 1 at ¶ XIV.

Plaintiff responds that the claim should not be dismissed because his "singular purpose for addressing the School Board in his Complaint is to show that a relationship existed between the two entities." Plaintiff's memorandum, Record Doc. No. 18 at pp. 4-5. He contends that, because Magnolia had contracts with the School Board, he has "a claim against Magnolia Family Services under Louisiana Civil Code Article 2315 as it pertains to his dismissal from employment." <u>Id.</u> at p. 5.

Specifically, Wallace alleges that, after his arrest, Magnolia allowed him to work for approximately six days before suspending him pending the investigation of the arrest. He asserts that, during this suspension, Magnolia received complaints from its customers who opposed Wallace's continued employment and that these complaints led to the termination of his employment, even though the charges against him were ultimately

16

dropped.  Id.  In addition, plaintiff cites and attaches a decision from a Louisiana state administrative law judge concerning his award of unemployment benefits, apparently in support of an argument that he was not guilty of misconduct before being terminated. None of these facts were alleged in plaintiff's complaint, and he does not explain in his memorandum how these facts establish a cause of action under article 2315.

The court has not considered the decision of the ALJ attached to plaintiff's opposition memorandum.  "Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments."  Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293 (5th Cir. 2008).

Plaintiff's allegations that the School Board interfered with his employment at Magnolia fail to state a claim against Magnolia under article 2315.  Consistently with Hernandez, 306 F. App'x at 182, and other Fifth Circuit decisions, however, Wallace in his opposition memorandum asks for an opportunity to amend his complaint if his allegations are deemed insufficient to state a claim.  The court grants this request as follows:  IT IS ORDERED that plaintiff is hereby GRANTED leave to amend his complaint, no later than December 23, 2013, limited to properly alleging a claim against Magnolia under Louisiana Civil Code article 2315, failing which the court will dismiss the claim without prejudice and without further notice or hearing.

Accordingly, defendant's motion is denied to the extent it seeks dismissal of plaintiff's claim under article 2315 at this time.

17

CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion to dismiss plaintiff's disability discrimination claim is GRANTED and that claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's claim of disparate impact race discrimination is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's claim under Louisiana Civil Code article 2315 is DENIED at this time, subject to the order concerning amendment set out above.

New Orleans, Louisiana, this _____27th_____ day of November, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE