UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDERSON WALLACE, JR. | CIVIL ACTION |
| VERSUS | NO. 13-4703 |
| MAGNOLIA FAMILY SERVICES, LLC. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiff, Anderson Wallace, Jr., filed this complaint on June 4, 2013 against Magnolia Family Services, LLC ("Magnolia"), alleging racial discrimination under Title VII, discrimination under the Americans with Disabilities Act, and negligence under the Louisiana Civil Code Article 2315. Record Doc. No. 1. On September 27th, 2013, defendant filed a motion to dismiss all claims. I denied defendant's motion to dismiss plaintiff's disparate impact claim, but granted defendant's motion to dismiss the Americans with Disabilities Act claim and later dismissed the claims against Magnolia under La. Civ. Code art. 2315, because plaintiff did not amend his complaint properly to allege a negligence claim after having been given the opportunity to do so. Record Doc. Nos. 11, 24 and 25.

The motion of defendant Magnolia Family Services, LLC, to Strike the Jury Demand, Record Doc. No. 27, is currently pending before me. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's Motion to Strike the Jury Demand, Record Doc. 27, submitted

for decision on June 11, 2014, without oral argument, has been timely submitted. Having considered the record, the applicable law and the written submission of counsel, and for the following reasons, defendant's motion is GRANTED.

As a general matter, a plaintiff asserting a civil rights claim may recover compensatory and punitive damages against a respondent who engaged in intentional discrimination. 42 U.S.C. § 1981 a(a)(1). However, a plaintiff asserting only a disparate impact claim cannot recover monetary damages. 42 U.S.C. § 1981a(a)(1). Under 42 U.S.C. § 1981 a(c)(1), only a plaintiff seeking compensatory or punitive damages may demand a jury trial. Accordingly, courts have <u>not</u> allowed disparate impact claims to be tried by a jury.

For example, in <u>Garcia v. Woman's Hospital of Tex.</u>, 143 F.3d 227, 230 (5th Cir. 1998), the Fifth Circuit specifically found that a "jury would have to be dismissed because [a] disparate impact claim alone cannot be tried to a jury." In a footnote, the Fifth Circuit explained:

> Prior to the Civil Rights Act of 1991, Title VII claims could not be tried to a jury, and compensatory and punitive damages could not be awarded. The Civil Rights Act of 1991 amended Title VII to allow compensatory and punitive damages in cases of intentional discrimination (i.e.,only), and jury trials were permitted only in cases where compensatory and punitive damages were proper, in other words, in disparate treatment cases. . . . Therefore, a jury may not determine the disparate impact claim, and, if that is the only claim left, there is no need for a jury. <u>Id.</u>

In a separate case filed by Anderson Wallace, Jr., the same plaintiff who has filed the instant complaint, Magistrate Judge Shushan of this court similarly found that plaintiff could not recover compensatory and punitive damages for a disparate impact claim

pursuant to Title VII and therefore was not entitled to a jury trial.  <u>Wallace v. Terrebonne Parish Sch. Bd.</u>, No. 2:13-cv-00420-SS, 2014 WL 63940, at *1-2 (E.D. La. Feb. 18, 2014).

In this case, after the court's previous order granting in part defendant's motion to dismiss, Wallace retains only a claim of disparate impact for which he cannot recover compensatory or punitive damages.  Therefore, it follows that the plaintiff in this case is not entitled to a jury trial.  <u>Garcia</u>, 143 F.3d at 230;  <u>Wallace</u>, 2014 WL 63940 at *2.

For all of the foregoing reasons, defendant's motion is GRANTED.  The clerk is directed to delete the reference to jury trial on the docket sheet of this case.

New Orleans, Louisiana, this __11th__ day of June, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE