## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDERSON WALLACE, JR.**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 13-4703**

**MAGNOLIA FAMILY SERVICES, L.L.C.**         **DIVISION "3"**

### ORDER

Before the Court are four motions: the Motion to Compel Defendant to Produce Documents for Discovery [Doc. #78], the Motion for Request of Cost [sic] to Take Depositions, Witness Fees, and Appellate Review [Doc. #79], the Motion for Reconsideration to Issue Subpoenas on Andrew J. Hebert and Request for the Magistrate Judge to Be Recused [Doc. #80], and the Motion for an Extension of Time to Take Depositions and All Discovery and for an Oral Hearing on the Discovery from the Administrative Law Judge Hearing [Doc. #82]. Each motion is opposed, and plaintiff filed a reply to each opposition. Having reviewed the motions, the oppositions, the replies, and the case law, the Court rules as follows.

### I.       Background

Pro se plaintiff, Anderson Wallace, Jr., filed this complaint against his employer Magnolia Services, L.L.C. ("Magnolia"), in which Terrebonne Parish School Board is an alleged stakeholder. Wallace works as a counselor for children with Attention Deficit Hyperactivity Disorder. Wallace

is a recovering user of narcotics who has been drug-free for many years.  Wallace alleges that Magnolia has an employment practice or policy that operates to exclude African-Americans with criminal backgrounds from continued employment with it.  Wallace maintains that Magnolia wrongfully discharged him after he was charged in a domestic-violence incident that was subsequently refused by the Thirty-Second Judicial District Attorney's Office.

Wallace now sues defendant for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (a disparate-impact claim).  Wallace also sued under the Americans with Disabilities Act ("ADA") because Magnolia allegedly factored his past drug use into his discharge.  He also sued under Louisiana Civil Code article 2315.  Magistrate Judge Wilkinson dismissed these last two claims for failure to exhaust and failure to amend, respectively.[1]

## II.     The Motions

### 1.       The Motion to Compel Defendant to Produce Documents for Discovery

In Request for Production No. 10, Wallace asked Magnolia to produce the criminal background check on Andrew Hebert, a Caucasian male, when Magnolia hired him in 2005 or 2006 and the criminal background check on Wallace.  Magnolia produced the criminal background check on Wallace but refused to produce the criminal background check on Hebert, citing confidentiality.  Wallace asks the Court to order Magnolia to produce the check because he alleges that Magnolia knew that Hebert had been charged with indecent behavior with juveniles and for a DWI when it hired him.

Disparate impact claims involve facially neutral employment policies that create such

---

[1]      On June 12, 2014, Magistrate Judge Wilkinson recused himself from this lawsuit [Doc. #38], and it was subsequently transferred to this division.

statistical disparities disadvantaging members of a protected class that make the policies "'functionally equivalent to intentional discrimination.'" *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000) (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 987 (1988)). To establish a *prima facie* case of disparate impact, a plaintiff must (1) identify the challenged employment policy, (2) demonstrate a disparate impact that policy has on a protected class, and (3) demonstrate a causal relationship between the identified practice and the disparate impact. *Mayberry v. Mundy Contract Maint. Inc.*, 197 Fed. Appx. 314, 316 (5th Cir. 2006) (citing *Gonzales v. City of New Braunfels*, 176 F.3d 834, 839 n.26 (5th Cir. 1999). Thus, because Wallace asserts only a disparate-impact claim, *and not a disparate treatment claim*, whether Magnolia may have treated him differently than a white employee is not reasonably calculated to lead to the discovery of admissible evidence. The motion is denied.

## II.     The Motion for Request of Cost [sic] to Take Depositions, Witness Fees, and Appellate Review

Wallace asks the Court to pay the costs to purchase a transcript of his deposition, to take the depositions of Donnie Olivier, Jamilah Olivier, Jaret Hubbell, and Hebert, to pay the witness fees, and to pay the appeal fee for his appeal of this Court's denial of his motion to reinstate his claim under Louisiana Civil Code Article 2315.

This Court has already found that Wallace is not a pauper. [Doc. #68 at pp. 4-5]. The attached financial affidavit reveals that Wallace earns $2,400.00/month, and his wife earns $2,600.00/month. Because Wallace is not a pauper and because the Court is unaware of any case law to support the argument that the Court will cover the costs of a non-pauper plaintiff, the motion is denied in part as to the depositions and the witness fees.

The motion is moot in part with regard to the appeal fee. PACER reveals that Wallace

already paid the appeal fee of $505.00 on October 30, 2014.

### III.   The Motion for Reconsideration to Issue Subpoenas on Andrew J. Hebert and Request for the Magistrate Judge to Be Recused [Doc. #80]

Wallace first asks the Court to reconsider its earlier order in which it denied Wallace's request to issue a subpoena to the Louisiana Workforce Commission with regard to Hebert.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b).  As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  Although the district court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993), it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.  *See, e.g.*, 18b Charles A. Wright et al., Fed. Prac. & Proc. § 4478.1 (2d ed. 2002).

A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See, e.g. Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").  Although there may be circumstances in which a different standard would be appropriate, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-16 (4th Cir. 2003), the present motion does not present them.  The proper inquiry therefore is whether the moving party has "clearly establish[ed] either a manifest error of law or fact

or . . . present[ed] newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

In deciding motions under Rule 59(e), courts in this district have considered four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law.  *Faye v. Lytal Marine Operators, Inc.*, No. Civ. A. 99-525, 2000 WL 19474 at *1 (E.D. La. Jan.11, 2000) (citing *Burma Navigation Corp. v. Seahorse*, No. Civ. A. 94-0795, 1998 WL 781587 at *1 (E.D. La. Nov. 3, 1998)). The Court is mindful that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Wallace has failed to meet any of these factors.  Wallace has not demonstrated that this Court has committed a manifest error of law or fact and has not presented any new evidence to the Court. Neither has there been an intervening change in the law nor a manifest injustice.  More importantly, however, this Court has in this Order determined that Hebert is irrelevant to Wallace's disparate-impact claim.  That would be one more reason to deny the motion to issue the subpoena in the first instance.  Accordingly, this aspect of the motion is denied.

Wallace asks this Court to recuse itself from his lawsuit because the Court's denial of the motion to issue the subpoena evinces a bias toward him. *See, e.g.,* 28 U.S.C. §455(b)(1) (noting that

a judge should recuse himself "[w]here he has a personal bias or prejudice concerning a party . . . ."). This Court simply has no personal bias against Wallace. Granting and denying motions is part and parcel of this Court's vocation. Wallace has not met his burden of proving that this Court has a personal bias against him. This aspect of the motion is also denied.

### IV. The Motion for an Extension of Time to Take Depositions and All Discovery and for an Oral Hearing on the Discovery from the Administrative Law Judge Hearing

Wallace asks the Court for a two-month extension of the discovery deadline, currently November 10, 2014 (a little more than a week ago). The pre-trial conference is currently set on January 8, 2015, and trial is scheduled to begin on January 26, 2015. As counsel for Magnolia notes, since this Court's earlier denial of Wallace's motion to extend deadlines, Wallace has not contacted counsel to schedule any deposition.

On November 20, 2014, this Court held a telephone hearing with both Wallace and counsel for Magnolia to determine the status of discovery. Wallace informed the Court that he did not conduct discovery or depose any potential deponent because of lack of funding. As noted above, Wallace is not a pauper and has never present a pauper application to the Court. This Court is aware of no case law that would support the funding of the litigation of a non-pauper plaintiff.

For the reasons stated during the telephone conference, the Court denies the motion at this time. The parties have filed cross-motions for summary judgment before the Court that are currently set for submission on December 10, 2014. The Court will reconsider any extension of the deadlines after it resolves the cross-motions for summary judgment, should circumstances so warrant.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel Defendant to Produce Documents for Discovery [Doc. #78], the Motion for Request of Cost [sic] to Take Depositions, Witness Fees, and Appellate Review [Doc. #79], the Motion for Reconsideration to Issue Subpoenas on Andrew J. Hebert and Request for the Magistrate Judge to Be Recused [Doc. #80] Motion for an Extension of Time to Take Depositions and All Discovery and for an Oral Hearing on the Discovery from the Administrative Law Judge Hearing [Doc. #82] are DENIED.

New Orleans, Louisiana, this 10th day of December, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**