UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDERSON WALLACE, JR.                         CIVIL ACTION

VERSUS                                        NO. 13-4703

MAGNOLIA FAMILY SERVICES, L.L.C.              DIVISION "3"

ORDER

Before the Court are four motions: (1) the Motion for Summary Judgment [Doc. #89] filed by defendant Magnolia Family Services, L.L.C. ("Magnolia" or "defendant"); (2) the Motion for Summary Judgment [Doc. #95] filed by plaintiff Anderson Wallace, Jr.; (3) the Motion to Suppress Defendant's Exhibit "A" as Evidence to Be Used for Summary Judgment [Doc. #102]; and (4) the Motion to Proffer the Recorded Deposition of Anderson Wallace, Jr. of September 25, 2014 as Evidence for Summary Judgment [Doc. #103].  All of the motions are opposed.  Having reviewed the motions, the oppositions, and the case law, the Court rules as follows.

**I.      Background**

Pro se plaintiff, Anderson Wallace, Jr., filed this complaint against his employer Magnolia, in which Terrebonne Parish School Board is an alleged stakeholder. Wallace works as a counselor for children with Attention Deficit Hyperactivity Disorder.  Wallace is a recovering user of narcotics who has been drug-free for many years.  Wallace alleges that Magnolia has an employment practice or policy that operates to exclude African-Americans with criminal backgrounds from continued

employment with it. Wallace maintains that Magnolia wrongfully discharged him after he was charged in a domestic-violence incident that was subsequently refused by the Thirty-Second Judicial District Attorney's Office.

Wallace now sues defendant for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (a disparate-impact claim). Wallace also sued under the Americans with Disabilities Act ("ADA") because Magnolia allegedly factored his past drug use into his discharge. He also sued under Louisiana Civil Code article 2315. Magistrate Judge Wilkinson dismissed these last two claims for failure to exhaust and failure to amend, respectively.[1] Thus, the only claim that remains is Wallace's disparate-impact claim.

## II.   The Motion to Suppress

Wallace seeks to suppress (strike) Exhibit "A" to Magnolia's motion for summary judgment. Exhibit "A" consists of excerpts from Wallace's September 25, 2014 deposition. Wallace seeks to strike the evidence because Magnolia failed to include the witness certificate and errata sheet that he signed. Wallace made two corrections to his deposition, none of which is on a page that Magnolia cited to in its Exhibit "A." The innocuous changes that Wallace made thus have no bearing on this Court's consideration of the motions for summary judgment. The motion [Doc. #102] is therefore denied.

## III.   The Motion to Proffer

Wallace recorded his own deposition on September 25, 2014 and seeks to proffer the entire

---

[1]   On June 12, 2014, Magistrate Judge Wilkinson recused himself from this lawsuit [Doc. #38], and it was subsequently transferred to this division.

deposition as support for his motion for summary judgment.  Magnolia opposes the motion on the ground that a private recording is not authenticated.

It is well-settled that "[t]o be admissible [as summary judgment evidence], documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2722, at 59-60 (3d ed. 2007) (footnotes omitted).  A document that lacks a proper foundation to authenticate it can not be used to support a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, Inc., 896 F.2d 1542 (9th Cir. 1989).  When offered at summary judgment, deposition excerpts must identify the names of the deponent and the action and must include the reporter's certification that the deposition is a true record of the testimony of the deponent. *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1051 (D. Or. 2010) (citing *Orr v. Bank of America, NY & SA*, 285 F.3d 764, 774 (9th Cir. 2002).   There is no authentication of Wallace's private recording of his deposition.  Accordingly, the motion is denied.

**III.    The Motions for Summary Judgment**

    **A.    Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in [his] favor."

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**B.     Analysis**

As noted above, the only claim that remains is Wallace's disparate-impact claim.[2] The law regarding disparate-impact race discrimination claims is well established. Disparate impact claims, as recognized in *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), do not require proof of intent to discriminate. Instead, they focus on facially-neutral employment practices that create such statistical disparities disadvantaging members of a protected group that they are "functionally equivalent to intentional discrimination." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 987 (1988). A plaintiff who asserts a disparate-impact claim must identify a specific practice of the employer as

---

[2]   Wallace also contends that he alleges a disparate-treatment claim. But the Court's review of the case law reveals that the only difference between a disparate-impact claim and a disparate-treatment claim is one of nomenclature.

being responsible for any observed disparities, *see Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1367 (5th Cir.1992), and must conduct a systemic analysis of those employment practices in order to establish their case. *See Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 63 (5th Cir. 1990).

The evidence in a disparate-impact cast focuses on the degree of statistical disparity between protected and non-protected workers with regard to employment or promotion. To establish a *prima facie* case of disparate impact, a plaintiff must (1) identify the challenged employment policy, (2) demonstrate a disparate impact that policy has on a protected class, and (3) demonstrate a causal relationship between the identified practice and the disparate impact. *Mayberry v. Mundy Contract Maintenance Inc.*, 197 Fed. Appx. 314 (5th Cir. 2006) (citing *Gonzales v. City of New Braunfels*, 176 F.3d 834, 839 n.26 (5th Cir. 1999)).

Claims of disparate impact under Title VII rely heavily on statistical proof. *Munoz v. Orr*, 200 F.3d 291 (5th Cir. 2000) (citing *Watson*, 487 U.S. at 987); *see also Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 860 (5th Cir. 2002) ("Ordinarily, a *prima facie* disparate impact case requires the showing of a substantial statistical disparity between protected and non-protected workers in regards to employment or promotion"). Generally, a disparate-impact plaintiff must produce "statistical evidence comparing the effects of a challenged policy on protected and unprotected groups of employees." *Davis v. Dallas Indep. School Dist.*, 448 Fed. Appx. 485 (5th Cir. 2011) (citing *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 861 (5th Cir. 2002)). Accordingly, Wallace must produce evidence of racial-based statistical disparities that show that Magnolia's alleged policy that allegedly excludes African Americans with criminal backgrounds from continued employment

creates a racial disparity to black employees over white employees.

Here, Wallace has simply offered no statistical – or even any – evidence that Magnolia has a policy that excludes African Americans with criminal backgrounds from continued employment with it.  While Wallace repeats this allegation often in his opposition memorandum and in his own cross-motion for summary judgment, Wallace admitted that Magnolia has no such policy.  [Doc. #89-5 at p. 1].  Indeed, Wallace admitted that he informed Lester J. Olinde – who conducted Wallace's hiring interview – that he had been in a military prison for selling drugs.  [Doc. #89-5 at p. 2].  Despite this information, Magnolia hired Wallace, knowing full well that he had a criminal background, and Wallace worked at Magnolia for approximately one year and three months.  In other words, Wallace continued his employment with Magnolia despite having a criminal background.  In neither his opposition nor his cross-motion does Wallace offer any evidence to establish the existence of such a policy, and the unique factual circumstances of this case – culminating in Wallace's hiring – bely the existence of any such policy.  For this reason, Wallace can not establish a *prima facie* case of disparate impact.

Wallace has faced this result before.  Wallace filed a remarkably similar complaint in this Court against the Terrebonne Parish School Board.  *Wallace v. Terrebonn Parish School Bd.*, Civ. A. No. 13-420 (E.D. La.).  On March 10, 2014, another division of this Court held a bench trial.  There, the Court orally granted defendant's motion for involuntary dismissal because Wallace did not offer statistical evidence to show the practice in question resulted in a prohibited discrimination.  Relying on *Stout* and *Manley v. Invesco*, No. 13-20209, 2014 WL 457757, *2 (5th Cir. Feb. 14, 2014) for the proposition that statistical evidence is mandated by the courts, the Court clarified:

> Because you have not offered statistical evidence to show the practice in question has resulted in prohibited discrimination, you have not made the prima facie showing. In attempting to rely on the fact that it is well known that the percentage of African-American males incarcerated in prison is much higher than the percentage of white males, the authorities are consistent that you cannot rely on African-American males who have been incarcerated in the national population versus the percentage of white males in the national population to prove the second element of your case. Citation to that is *New York City Transit Authority v. Beazer*, 99 S. Ct. 1355, a 1979 Supreme Court decision, and *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, Fifth Circuit, 1992.

(Doc. #89-6 at pp. 93-94). The same reasoning applies here. Wallace has offered no statistical evidence to this Court to satisfy a *prima facie* showing of disparate impact.[3]

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Suppress Defendant's Exhibit "A" as Evidence to Be Used for Summary Judgment [Doc. #102] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Proffer the Recorded Deposition of Anderson Wallace, Jr. of September 25, 2014 as Evidence for Summary Judgment [Doc. #103] is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment [Doc. #89] filed by defendant Magnolia Family Services, L.L.C. is GRANTED and the Motion for Summary Judgment

---

[3] Wallace also complains that Magnolia treated him differently than Andrew Hebert, a white employee allegedly charged with indecency with a child and with a DWI. The affidavit of Donald Olivier, defendant's CEO, establishes that at the time of his hiring, Hebert had no criminal background. [Doc. #105-4 at p. 2]. The affidavit of Hebert establishes that he has never been arrested for a crime, [Doc. #105-5], unlike Wallace, who was terminated for having been arrested on a domestic battery charge (although the Court recognizes that the charge was refused). This does not support Wallace's argument.

7

[Doc. #95] filed by plaintiff Anderson Wallace, Jr. is DENIED.

New Orleans, Louisiana, this 29th day of December, 2014.

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**