UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDERSON WALLACE, JR.                                       CIVIL ACTION

VERSUS                                                                  NO. 13-4703

MAGNOLIA FAMILY SERVICES, L.L.C.                DIVISION "3"

ORDER

Before the Court is the Motion for Relief from Judgment Pursuant to FRCP 60(b) [Doc. #127] filed by plaintiff Anderson Wallace, Jr.  Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

I.   Background

Pro se plaintiff, Anderson Wallace, Jr., filed this complaint against his employer Magnolia Family Services, L.L.C. ("Magnolia" or "defendant"), in which Terrebonne Parish School Board is an alleged stakeholder. Wallace works as a counselor for children with Attention Deficit Hyperactivity Disorder.  Wallace is a recovering user of narcotics who has been drug-free for many years.  Wallace alleges that Magnolia has an employment practice or policy that operates to exclude African-Americans with criminal backgrounds from continued employment with it.  Wallace maintains that Magnolia wrongfully discharged him after he was charged in a domestic-violence incident that was subsequently refused by the Thirty-Second Judicial District Attorney's Office.

Wallace now sues defendant for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (a disparate-impact claim). Wallace also sued under the Americans with Disabilities Act ("ADA") because Magnolia allegedly factored his past drug use into his discharge. He also sued under Louisiana Civil Code article 2315. Magistrate Judge Wilkinson dismissed these last two claims for failure to exhaust and failure to amend, respectively.[1] Thus, the only claim that remained at the time of the motion for summary judgment was Wallace's disparate-impact claim.

On December 29, 2014, this Court granted defendant's motion for summary judgment and denied Wallace's cross-motion. [Doc. #121]. On January 8, 2015, this Court denied Wallace's motion for reconsideration. [Doc. #125]. Wallace now moves for relief under Federal Rule of Civil Procedure 60(b). Specifically, Wallace seeks relief under Subsections (b)(1), (b)(3) and (b)(4), and (b)(6).

**II.    Law and Analysis**

A Rule 60(b) motion calls into question the correctness of a judgment. Under Rule 60(b), the Court may "relieve a party from a final judgment" for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

---

[1] On June 12, 2014, Magistrate Judge Wilkinson recused himself from this lawsuit [Doc. #38], and it was subsequently transferred to this division.

equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).  Rule 60(b) relief will be afforded only in "unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)).  The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied.  *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009).  The Court enjoys broad discretion in assessing whether any of these reasons are present in a given case. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). All Rule 60(b) motions must be brought within a "reasonable time" after judgment, and motions brought pursuant Rule 60(b)(1), (2), and (3) must be brought within one year of the judgment or order. Fed. R. Civ. P. 60(c); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007).   Wallace has filed his Rule 60(b) motion timely, and the Court thus proceeds to the merits of his arguments.

  **A.** **Rule 60(b)(1)**

Under Rule 60 (b)(1), the Fifth Circuit Court of Appeals has explained:

> Rule 60(b)(1) . . . allow[s] relief from final judgments on account of  "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).  The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief.  *Pryor*, 769 F.2d at 286.

Wallace first argues that the Court's ruling was factually incorrect because there was no need for statistical evidence. Wallace relies on *Garcia v. Woman's Hospital of Texas*, 97 F.3d 810 (5th Cir. 1996), to support his position. However, Wallace's reliance on *Garcia* is misplaced. What Wallace has failed to realize is that he filed a disparate-impact claim, and a disparate-impact claim only. Wallace did not file a disparate-treatment claim that was at issue before the District Court in *Garcia*. *See id.* at 812. In addition, in *Garcia*, the pregnant plaintiff was challenging her dismissal as a result of a mandatory job duty of lifting 150 pounds. *See id.* at 813. In discussing the potential for a disparate-impact claim, the court noted:

> [S]he must show that pregnant women as a group would be subject to this medical restriction. If all or substantially all pregnant women would be advised by their obstetrician not to lift 150 pounds, then they would certainly be disproportionately affected by this supposedly mandatory job requirement for LVN's at the Hospital. *Statistical evidence would be unnecessary if Garcia could establish this point.*

*Id.* (emphasis added). In other words, the italicized statement would require Wallace to establish that all or substantially all African Americans have criminal backgrounds that would render them subject to the alleged employment practice and thus would disproportionately affect them. This, the Court is unwilling to assume, and, in any event, Wallace has put forth no competent summary-judgment evidence to establish such a fact. Simply put, there has been no mistake here.

Wallace's rambling allegations are largely incoherent. Wallace appears to allege that the clerk of court made some mistake in filing his evidence in the wrong docket. However, Wallace did not state what this evidence was, and this Court does not understand his allegations. Wallace filed 72 pages of exhibits with his motion for summary judgment, and a similar 75 pages of exhibits with his opposition to defendant's motion for summary judgment. There was thus evidence attached to

his pleadings that the Court considered on the motions for summary judgment.

Further, Wallace states that this evidence was attached to his reply memorandum in support of his motion to proffer and his reply memorandum to his motion for summary judgment. There was no evidence attached to Wallace's reply to defendant's opposition to his motion for summary judgment. The evidence was evidently presented to the Court by Wallace with his motion for summary judgment and his corresponding opposition, and therefore there is no prejudice to Wallace. Wallace's statement that "the defendant obtained the order and judgment through mistake and misconduct" is not supported by any facts or evidence.

**B       Rules 60(b)(3) and (b)(4)**

Under Rule 60(b)(3), a party who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. *Id.* Although Rule 60(b)(3) applies to misconduct in withholding information called for by discovery, it does not require that the information withheld to be of such a nature as to alter the result in the case. *Id.* This subsection of the Rule is aimed at judgments that were unfairly obtained, not at those that are factually incorrect. *Id.* As described below, Wallace can not show any of the above at all, much less prove it by clear and convincing evidence.

A judgment is considered void for purposes of Rule 60(b)(4) if the Court acted "outside its legal powers." *Tercero-Aranda v. Morales*, No. Civ. A. C-06-196, 2006 WL 1852172 (S.D. Tex. June 30, 2006). "A judgment is void only if the court that rendered it lacked jurisdiction of the

subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (citations and quotations omitted). However, a judgment is not void merely because it was erroneous. *Id.* Relief under Rule 60(b)(4) is an extraordinary remedy, and accordingly, "[i]n the interests of finality, the concept of void judgments is narrowly construed." *Id.* (citations and quotations omitted). Wallace has not, and can not, show that this Court acted outside of its legal powers.

As to these two subsections, Wallace appears to take issue with the consent to proceed before this Court executed on his behalf by his original attorney Deborah Dugas. [Doc. #22]. "Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). The Constitution requires consent of all parties for a magistrate judge to preside in a case in place of an Article III judge. *See Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) ("[C]onsent to trial before a magistrate waives the right to trial before an article III judge.").

Wallace argues that "the document is not dated by the signature of Anderson Wallace, Jr." In *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35 (5th Cir. 2008), the defendants consented to before any magistrate judge, not just one particular magistrate, and thus, the magistrate to whom the court transferred the action for decision had jurisdiction, even though the parties did not sign a new consent form at the time of the transfer. *See id.* at 39-40. There, the consent to proceed stated that "the parties in this case hereby voluntarily consent to have a United States

6

Magistrate Judge conduct any and all further proceedings in the case, including trial, order the entry of a final judgment, and conduct all post-judgment proceedings." *See id.* at 39. While *Hester* is not on all fours with this case, the Court notes that counsel for Hester – and not Hester – had signed the consent-to-proceed form, and the Fifth Circuit upheld jurisdiction by the magistrate judge. *See id* at 39-40.

In *Roell v. Withrow*, 538 U.S. 580 (2003), the Supreme Court held that consent to proceed before a magistrate judge can be inferred from a party's conduct during litigation. Unlike non-consensual referrals of pre-trial but case-dispositive matters to magistrate judges, which leave the district court free to do as it sees fit with the magistrate judge's recommendations, a consensual referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and the entry of final judgment, all without district court review. *Id.* (citing 28 U.S.C.A. § 636(b)(1), (c)(1)). A judgment entered by a magistrate judge pursuant to a consensual referral is to be treated as a final judgment of the district court, appealable in the same manner as an appeal from any other judgment of a district court. *Id.* (citing 28 U.S.C.A. § 636(c)(1)). Defendants clearly implied their consent to appearing before this Court for purposes of determining whether it had jurisdiction over the action when they decided to appear before it, without expressing any reservation and well after being notified of their right to refuse and after being told that this Court intended to exercise case-dispositive authority. *Id.* Here, it is clear that Wallace consented to proceed before this Court, and his actions certainly implied consent, for he never once filed an objection to the Court presiding over this matter (until this Court began to rule against him).

Wallace further argues that "the scheduling order should be considered a fraudulent

document at DOC. No. 39." Wallace appears to contend that this Court lacked authority to enter another scheduling order after Magistrate Judge Wilkinson recused himself, and this matter was transferred to this division. Wallace cites absolutely no authority to support this argument. New scheduling orders are a routine matter when a lawsuit is transferred from one division to another; each division's calendar in this district is different. When the case was transferred to this division, this Court continued the trial and thus entered a new scheduling order. Wallace's argument lacks merit.

### 3. Rule 60(b)(6)

Wallace also argues that Rule 60(b)(6) provides him relief. In his motion, Wallace did not specifically raise a claim under this subsection of Rule 60, but he advances arguments that are subsumed under this subsection. Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). It is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. *Id.* Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." *Id.* Under this subsection, Wallace asserts that, "there was clerical misconduct by the pro se clerk and neglect of plaintiff by magistrate Judge Knowles." Wallace has already argued these points under 60(b)(3) and 60(b)(4), and therefore, he can not plead them under 60 (b)(6). *Id.* (holding that "the catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60.").

Also under this provision, the Court considers all of Wallace's allegations of misconduct by

this Court, opposing counsel, and even the clerk of court. Wallace attaches absolutely no evidence to support these allegations. Wallace aruges that his motion to recuse the undersigned was heard on December 10, 2014 in a "surreptitious" manner. He further contends that this Court lacked jurisdiction during the time period of December 3, 2014 through January 7, 2015 to rule on the motions for summary judgment because a hearing was set for his *second* motion to recuse on January 7, 2015. This Court is aware of no case law or statutory law that supports this argument, and Wallace has cited this Court to none. Further, Wallace fails to take into account that the Court denied his *first* motion for recusal on December 10, 2014. [Doc. # 116]. Wallace's second motion for recusal was set for submission on January 14, 2015, and, like the first motion, set forth zero grounds to support the recusal of the undersigned. The Clerk of Court marked that motion as no longer under submission when this Court granted defendant's motion for summary judgment and entered judgment in favor of defendant. No ruling on the second motion to recuse was thus necessary, especially given that it lacked merit.

Wallace also contends that "a memorandum of law in opposition to plaintiff's motion for reconsideration to issue subpoenas on Andrew J. Hebert and request for the magistrate judge to be recused had been filed and docketed without plaintiff's knowledge. See docket No. 108." Magnolia filed its memorandum in opposition to that motion on November 4, 2014. [Doc. # 87]. The Court's Pacer system reveals the same certificate of service as with all of Magnolia's other documents, which show that Wallace was served by mail at his home address. Further, the Court finds it quite perplexing that Wallace now alleges that defendant filed this memorandum without his knowledge since he filed a reply to this very same opposition on November 17, 2014. [Doc. #99].

Wallace lastly maintains that he was denied due process because he set various motions to be heard by Judge Barbier, who was originally assigned this case. Wallace fails to understand that his consent to proceed before this Court dictated that all motions be heard by it and not the District Court. And again, Wallace cites no legal authorities to support his argument.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Relief from Judgment Pursuant to FRCP 60(b) [Doc. #127] is DENIED. This lawsuit is over. The Court invites Wallace to appeal any and/or all of its orders to the Fifth Circuit.

New Orleans, Louisiana, this 24th day of March, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**