UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDERSON WALLACE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4703** |
| **MAGNOLIA FAMILY SERVICES, L.L.C.** | **DIVISION "3"** |

### ORDER

Before the Court is *pro se* plaintiff Anderson Wallace, Jr.'s Application to Proceed in District Court Without Prepaying Fees or Costs.[1]

**I.    Background**

Pro se plaintiff, Anderson Wallace, Jr., filed this complaint against his employer Magnolia, in which Terrebonne Parish School Board is an alleged stakeholder. Wallace works as a counselor for children with Attention Deficit Hyperactivity Disorder. Wallace is a recovering user of narcotics who has been drug-free for many years. Wallace alleges that Magnolia has an employment practice or policy that operates to exclude African-Americans with criminal backgrounds from continued employment with it. Wallace maintains that Magnolia wrongfully discharged him after he was charged in a domestic-violence incident that was subsequently refused by the Thirty-Second Judicial District Attorney's Office.

---

[1] The Court assumes that Wallace seeks leave to proceed *in forma pauperis* on appeal because his lawsuit in this Court is over, and he has filed two notices of appeal without payment. [Doc. #135 & #136].

Wallace then sued defendant for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (a disparate-impact claim). Wallace also sued under the Americans with Disabilities Act ("ADA") because Magnolia allegedly factored his past drug use into his discharge. He also sued under Louisiana Civil Code article 2315. Magistrate Judge Wilkinson dismissed these last two claims for failure to exhaust and failure to amend, respectively.[2] Thus, the only claim that remained at the time that defendant filed its motion for summary judgment was Wallace's disparate-impact claim.

On December 29, 2014, the Court, *inter alia*, granted defendant's motion for summary judgment and denied Wallace's motion for summary judgment. [Doc. #121]. Wallace moved for reconsideration, and this Court also denied that motion. [Doc. #125]. Wallace then moved for relief from the judgment under Federal Rule of Civil Procedure 60(b), and this Court too denied that motion. [Doc. #134]. Wallace now appeals the various rulings against him and seeks leave through this motion to proceed *in forma pauperis* on appeal.

**II.    Law and Analysis**

A plaintiff may proceed with an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis* on appeal. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982). The district court must inquire as to whether the costs

---

[2]    On June 12, 2014, Magistrate Judge Wilkinson recused himself from this lawsuit [Doc. #38], and it was subsequently transferred to this division.

of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Although Wallace's motion to proceed *in forma pauperis* suggests his inability to pay fees related to his appeal, his motion must be denied because he has not indicated to the Court the issues that he intends to pursue on appeal as required under Federal Rule of Appellate Procedure 24(a)(1)(C) and 28 U.S.C. § 1915(a)(1). His *in forma pauperis* motion and notice of appeal contain no indication of the issues that Wallace intends to present on appeal. Without such specification, Wallace's *in forma pauperis* motion must be denied. *See McQueen v. Evans*, No. 95-50474, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (per curiam) (failure to present issue for appeal in an *in forma pauperis* motion constitutes abandonment of that issue); *see also McKinsey v. Cain*, No. 09-7729, 2011 WL 2945812, at *1 (E.D. La. July 15, 2011) (denying *in forma pauperis* motion that failed to specify the issues to be raised on appeal).

A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress").

### III. Conclusion

For the foregoing reasons, the Court DENIES Wallace's motion to proceed in forma pauperis on appeal. Wallace may refile his motion with the necessary specification of the issues that he intends to appeal.

New Orleans, Louisiana, this 7th day of May, 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**